```
 1  SCOTT SCHOOLS (SCSBN 9990)
    United States Attorney
 2  JOANN M. SWANSON (CSBN 88143)
    Chief, Civil Division
 3  ILA DEISS (NYSBN 3052909)
    Assistant United States Attorney
 4
        450 Golden Gate Avenue, Box 36055
 5      San Francisco, California 94102
        Telephone: (415) 436-7124
 6      FAX: (415) 436-7169
 7  Attorneys for Defendants
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| CESAR RAMIREZ-LOPEZ, )<br>           )<br>     Plaintiff,    )<br>           )<br>     v.        )<br>           )<br>UNITED STATES OF AMERICA; Special )<br>Agent ALEX CHAN, Investigator, San )<br>Francisco United States Immigration and )<br>Customs Enforcement, Department of )<br>Homeland Security; ROBERT BIGGINS, )<br>Group Supervisor, San Francisco United )<br>States Immigration and Customs )<br>Enforcement, Department of Homeland )<br>Security; *et al.*, )<br>           )<br>     Defendants.   )<br>_____ ) | Case No. C 07-0096 SC<br><br>**STIPULATION AND AGREEMENT OF COMPROMISE AND SETTLEMENT AND [~~PROPOSED~~] ORDER** |

   IT IS HEREBY STIPULATED AND AGREED by and between plaintiff Cesar Ramirez

Lopez and defendants United States of America, Alex Chan and Robert Biggins (hereinafter the

"Federal Defendant," "Defendant Chan" and "Defendant Biggins"), by and through their

undersigned counsel, as follows:

   1.   The parties do hereby agree to settle, compromise and dismiss the above-

captioned action ("This Action") in its entirety under the terms and conditions set forth herein.

   2.   The Federal Defendant agrees to pay the sum of Ten Thousand Dollars and no

cents ($10,000.00) to plaintiff under the terms and conditions set forth herein.

1      3.    The plaintiff and his heirs, executors, administrators, assigns and attorneys hereby agree to accept the sum of Ten Thousand Dollars and no cents ($10,000.00), in full and final settlement and satisfaction of the claims raised in This Action under the terms and conditions set forth herein.

4.    It is also agreed, by and among the parties, that the settlement amount of Ten Thousand Dollars and no cents ($10,000.00) represents the entire amount payable to plaintiff and his heirs, executors, administrators, assigns and attorneys.

5.    It is also agreed, by and among the parties, that the settlement amount of Ten thousand Dollars and no cents ($10,000.00)) shall be made payable to Van Der Hout, Brigagliano & Nightingale, LLP.  The check will be mailed to Plaintiff's attorney at the following address: Marc Van Der Hout, Esq., Van Der Hout, Brigagliano & Nightingale, LLP 180 Sutter Street, Fifth Floor, San Francisco, CA 94104.

6.    It is also agreed by and among the parties that neither plaintiff nor any of his attorneys may make any claim for attorney's fees or other costs against the Federal Defendant and Defendants Chan and Biggins.  It is also agreed, by and among the parties, that the respective parties, including Defendants Chan and Biggins, will bear their own costs, fees, and expenses and that any attorney's fees owed by the plaintiff will be paid out of the settlement amount and not in addition thereto.

7.    In consideration of the payment of Ten-Thousand Dollars and no cents ($10,000.00) as set forth above, the plaintiff agrees that he will immediately upon execution of this agreement, execute a Stipulation of Dismissal, which stipulation shall dismiss, with prejudice, all parties and all claims asserted in This Action or any claims that could have been asserted in This Action, which is captioned *Ramirez Lopez v. United States of America, et al.*, C 07-0096 SC.  The fully executed Stipulation of Dismissal will be held by counsel for the Federal Defendants and will be filed with the Court upon receipt by plaintiff's counsel of the settlement amount.

8.    In consideration of the payment of Ten Thousand Dollars and no cents ($10,000.00) as set forth above, the plaintiff hereby releases and forever discharges the Federal

Defendant and Defendants Chan and Biggins, any and all of their past and present agencies, officials, employees, agents, attorneys, successors, and assigns from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the facts, circumstances and subject matter that gave rise to This Action, including all claims under the Federal Tort Claims Act ("FTCA"), all constitutional or *Bivens* claims, and any other claim relating to the events from January 6, 2006 to January 9, 2006, or any and all claims that could have been asserted in the Complaint.

9. The defendants hereby release and forever discharge the plaintiff from any and all obligations, damages, liabilities, causes of actions, claims, and demands of any kind and nature whatsoever, whether suspected or unsuspected, arising in law or equity, arising from or by reason of any and all known, unknown, foreseen, or unforeseen injuries, and the consequences thereof, resulting from the facts, circumstances and subject matter that gave rise to This Action, including all claims asserted, or any and all claims that could have been asserted in the Complaint.

10. The provisions of California Civil Code Section 1542 are set forth below:

> A general release does not extend to claims which the creditor does not know or suspect to exist in his favor at the time of executing the release, which if known by him must have materially affected his settlement with the debtor.

Plaintiff having been apprised of the statutory language of Civil Code Section 1542 by his attorneys, and fully understanding the same, nevertheless elects to waive the benefits of any and all rights he may have pursuant to the provision of that statute and any similar provision of federal law. Plaintiff understands that if the facts concerning Plaintiff's alleged injury and the liability of the Federal Defendant and Defendants Chan and Biggins, or their agents, servants, or employees, for damages pertaining thereto are found hereafter to be other than or different from the facts now believed by them to be true, this agreement shall be and remain effective notwithstanding such material difference.

11. The parties acknowledge that neither this agreement nor anything contained herein shall constitute an admission of liability or fault on the part of the Federal Defendant and

Defendants Chan and Biggins or their agents, servants, or employees. This agreement is entered into by the parties for the purpose of compromising disputed claims, avoiding the expenses and risks of litigation, and buying peace.

12. This agreement may be pled as a full and complete defense to any action or other proceeding, including any local, state or federal administrative action, involving any person or party which arises out of the claims released and discharged by this agreement.

13. If any withholding or income tax liability is imposed upon plaintiff based on payment of the settlement sum as set forth herein, plaintiff shall be solely responsible for paying any such liability. Plaintiff, and his attorneys, will indemnify and hold harmless the Federal Defendant and Defendants Chan and Biggins from any liability the defendants may incur from any government agency arising out of any failure by plaintiff to pay any tax liability he might be responsible for from any government agency.

14. The Federal Defendant agrees that payment of the settlement amount will take no longer than 30 days to process from the date the parties entered into this Agreement.

15. The parties agree that the District Court shall retain jurisdiction over this matter for the purposes of resolving any dispute alleging a breach of this agreement.

16. Each party acknowledges that they have been represented by and have relied upon independent counsel in negotiating, preparing and entering into this agreement and that they have had the contents of this agreement fully explained by counsel and that they are fully aware of and understand all of the terms of the agreement and the legal consequences thereof. It is further acknowledged that the parties have mutually participated in the drafting of this agreement and it is agreed that no provision herein shall be construed against any party hereto by virtue of the drafting of this agreement.

17. If any provision of this agreement shall be held invalid, illegal, or unenforceable, the validity, legality, and enforceability of the remaining provisions shall not in any way be affected or impaired thereby.

18. This instrument shall constitute the entire agreement between the parties, and it is expressly understood and agreed that this agreement has been freely and voluntarily entered into

1  by the parties hereto with the advice of counsel, who have explained the legal effect of this
2  agreement. The parties further acknowledge that no warranties or representations have been made
3  on any subject other than as set forth in this agreement.

4       19.      The parties agree that this Stipulation for Compromise Settlement and Release,
5  including all the terms and conditions of this compromise settlement and any additional
6  agreements relating thereto, may be made public in their entirety, and Plaintiff expressly consents
7  to such release and disclosure pursuant to 5 U.S.C. § 552a(b).

8       20.      The persons signing this Stipulation and Agreement warrant and represent that
9  they possess full authority to bind the persons on whose behalf they are signing to the terms of
10 the settlement.

11      21.      This agreement may not be altered, modified or otherwise changed in any respect
12 except in writing, duly executed by all of the parties or their authorized representatives.

Dated: 10/1/07

/s/
CESAR RAMIREZ LOPEZ
Plaintiff

Dated: 10/2/07        By:    /s/
MARC VAN DER HOUT
Attorney for Plaintiff

Dated: 10/2/07        By:    /s/
STACY TOLCHIN
Attorney for Plaintiff

SCOTT N. SCHOOLS
United States Attorney

Dated: 10/2/07        By:    /s/
ILA CASY DEISS
Assistant United States Attorney
Attorneys for the Federal Defendant
United States of America and
Defendants Alex Chan and Robert Biggins

**PURSUANT TO THE ABOVE STIPULATION AND AGREEMENT, APPROVED AND SO ORDERED:**

Dated:  10/4/07

SAMUEL S. CONTI
United States District Judge

*IT IS SO ORDERED* — Judge Samuel Conti

Stipulation and Agreement for Compromise and Settlement
C 07-0096 SC